## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM M. DOWNS, as the ) <br> Fund Administrator ) <br> of the LIUNA National (Industrial) ) <br> Pension Fund, ) <br> 905 - 16th Street, N.W. ) <br> Washington, D.C. 20006, ) <br> ) <br>           Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> IESI OF NEW YORK CORPORATION ) <br> d/b/a WASTE CONNECTIONS OF NEW ) <br> YORK, INC. ) <br> 3 Water Way Square Place, Suite 110 ) <br> The Woodlands, Texas 77380 ) <br> ) <br> and ) <br> ) <br> WASTE CONNECTIONS OF NEW YORK, ) <br> INC. ) <br> 3 Water Way Square Place, Suite 110 ) <br> The Woodlands, Texas 77380 ) <br> ) <br>         Defendants. ) <br> ─────────────────────────── ) | Civil Action No.   1:19-cv-2428 <br><br> COMPLAINT |

Plaintiffs, by and through their undersigned attorney, and for their causes of action against Defendants, complain and allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.      This is a civil action brought pursuant to Sections 502(a)(2), 502 (a)(3), 502(k), and 515 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. §§1132(a)(2), (a)(3), (k) and 1145, by the administrator of the LIUNA National (Industrial) Pension Fund ("Pension Fund") to secure performance by

an employer and its President of specific statutory and contractual obligations to pay contributions to the Pension Fund on behalf of the employer's employees, to pay interest on delinquent contributions, and to pay collection costs.

2.      Venue properly lies in the district for the District of Columbia pursuant to Sections 502(e) and (k) of ERISA, 29 U.S.C. §§1132(e), (k).  Plaintiff Adam Downs ("Downs") brings this action as the Administrator, and on behalf of the Pension Fund. The Pension Fund's main administrative office is located in the District of Columbia. Further, this Court is expressly designated by ERISA Section 502(k) as a proper venue.

3.      Under ERISA Section 502(e), 29 U.S.C. §1132(e), Defendants may be served in any federal district in which it/she resides or may be found so as to subject Defendants to the personal jurisdiction of this Court.

## IDENTIFICATION OF THE PARTIES

4.      Plaintiff Downs is the Fund Administrator of the Pension Fund.  As such, he is a fiduciary with respect to the Pension Fund within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C. §§1002(21),1132).  He brings this action in his fiduciary capacity on behalf of and for the benefit of the Pension Fund with the authorization of the Pension Fund's Board of Trustees.

5.      The Pension Fund is a joint labor-management trust fund established and maintained pursuant to an Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)).  The Pension Fund is an employee pension benefit plan and an employee benefit plan within the meaning of ERISA Sections 3(2), 3(3) and 502(d)(1) of

ERISA (29 U.S.C. §§ 1002 (2), (3), 1132(d)(1)), and is a multiemployer plan within the

meaning of ERISA Sections 3(37) and 515 (29 U.S.C. §§1002(37),1145).  The Pension

Fund is authorized to maintain suit as an independent legal entity under ERISA Section

502 (d)(1) (29 U.S.C. §1132(d)(1)).  The purpose of the Pension Fund is to provide a

pooled defined benefit pension plan that pays a retirement income for the life of a

pensioner and his or her surviving spouse.  Employees whose employers contribute

pursuant to the collective bargaining agreements with the Laborers' International Union

of North America (LIUNA) or with Local Unions and District Councils affiliated with

LIUNA earn credits towards a pension for their covered employment.  The assets of the

Pension Fund are held in trust in a common pool from which all benefits are paid and

which is invested to fund the promised benefits.

6.      Defendant IESI of New York Corporation, now doing business as Waste

Connections of New York, Inc., ("IESI") is a business corporation engaged in the

business of providing waste collection services.  IESI's primary office is located at 3

Water Way Square Place, Suite 110, The Woodlands, Texas 77380.  IESI is an

employer within the meaning of ERISA Sections 3(5) and 515 (29 U.S.C. §§1002(5),

1145).

7.      Defendant Waste Connections of New York, Inc. ("Waste Connections") is

a business corporation engaged in the business of providing waste collection services.

Waste Connections' primary office is located at 3 Water Way Square Place, Suite 110,

The Woodlands, Texas 77380.  Waste Connections and IESI merged and IESI is now

doing business as Waste Connections.  Waste Connections is an employer within the

meaning of ERISA Sections 3(5) and 515 (29 U.S.C. §§1002(5), 1145).

## FIRST CAUSE OF ACTION
### (ERISA § 515: Delinquent Pension Fund Payments)

8.      IESI was party to and contractually bound by collective bargaining

agreements with the Laborers' International Union of North America (LIUNA) Local

Union No. 108 ("Union") that set the terms and conditions of employment for IESI's

employees who worked at three different units in New York including the Bronx Drivers

Haulers & Plant Workers, Core Plant Workers, and Varick Driver Haulers & Plant

Workers.

9.      The collective bargaining agreements required IESI to make contributions

to the Pension Fund at a certain hourly rate for each hour for which an employee

covered by the collective bargaining agreements received pay.  These contributions are

necessary to fund pension benefits being earned by covered employees by their work

for IESI at the sites.  Specifically, Article XXI-PENSION of the collective bargaining

agreements provides as follows:

> "The Employer shall contribute for each hour for which an
> employee covered by this Agreement is entitled to pay an amount
> as set forth in <u>Addendum A</u> to the Laborers' International Union of
> North America National (Industrial) Pension Fund in accordance
> with <u>Addendum B</u> to this Agreement.  The Employer and the Union
> hereby adopt the Agreement and Declaration of Trust establishing
> said Fund, a copy of which has been provided to each, and agrees
> to comply therewith." (Emphasis added).

10.     IESI also signed the Pension Fund's Standard Form of Participation which

states in relevant part

> "For the purposes of this Agreement, each day paid for, including
> days of paid vacation, paid holidays and other days for which pay
> is received by the employee, in accordance with the COllective

Bargaining Agreement, shall be counted as days for which contributions are payable."

11.     Addendum B to the collective bargaining agreements provided, with regard to the Pension Fund as follows:

(a)     Section 1(a) requires IESI to contribute to the Pension Fund "for each hour for which an employee covered by this Agreement is entitled to pay, including hours of paid vacations, paid holidays, and other periods for which pay is paid or owed to an employee."  The obligation to contribute for an employee commences on the first day of the employee's employment in a job classification covered by the Collective Bargaining Agreement.

(b)     Section 1(b) requires IESI to pay contributions on a calendar monthly basis.  Specifically, IESI is required to pay to the Pension Fund contributions for employee hours in a particular month by the twentieth (20th) day of the following month.  This Section further requires IESI to submit to the Pension Fund monthly contribution reports with the contributions so that the Pension Fund can properly credit to the employees and verify the accuracy of the payment.

(c)     Section 1(c) entitles the Pension Fund to have a certified public accountancy firm audit IESI's payroll and other records to verify the accuracy of contributions to the Fund, verifying employee eligibility, and for other purposes necessary for administration of the Fund.  IESI is also required to provide the Pension Fund with any and all truthful information

necessary for administration of the Fund.

(d)     Section 1(e) provides that if IESI fails to submit contributions or

contributions reports to the Pension Fund when due, IESI shall be

considered an employer in default and shall be subject to charges for

interest, liquidated damages, attorneys fees, costs, audit fees and other

costs of collection in accordance with the Pension Fund's Agreement and

Declaration of Trust (hereinafter referred to as "the Pension Fund's Trust

Agreement").   This Section further provides that the Pension Fund may

take any and all lawful collection actions, including the commencement of

legal proceedings, without regard to any grievance or arbitration

procedure of the Collective Bargaining Agreement.

(e)     Section 1(f) provides that IESI accepts and agrees to be bound by

the Pension Fund's Trust Agreement.

12.     The Pension Fund's Trust Agreement (Article VI, Section 6.04) provides,

in pertinent part, as follows:

> "C.     Delinquent employers shall be assessed the following
>           charges:
>
> "1.     Each employer carrying a contribution delinquency for
>           thirty (30) calendar days or more will automatically be
>           assessed interest on the delinquent amount at the rate
>           of 1½% per month for each month or part thereof from
>           the date on which the Employer became delinquent
>           until the date on which the delinquency is collected.  All
>           interest assessments will be immediately due and
>           payable.  The Fund Administrator will notify the
>           Employer of the interest charge.
>
> "2.     Each Employer whose delinquent status is referred to
>           the Fund Counsel for legal action shall, in addition to

interest, be charged liquidated damages in an amount equal to twenty percent (20%) of the unpaid delinquent contributions as the reasonably anticipated costs of administration and collection.  All liquidated damages shall be immediately due and payable.  The Fund Administrator will notify the Employer in writing of the assessment of liquidated damages.

"3.   Each delinquent Employer that is audited pursuant to Part III-B-3 hereof shall be charged for the actual cost of the audit.  The Fund Administrator will notify the Employer of the assessment of audit fees charged which shall be due and payable immediately.

"4.   In addition to interest and auditing charges, each Employer against which legal action is taken to collect delinquent contributions or other monies due the Fund shall be charged and liable to the Fund for attorneys' fees and for costs incurred by the Fund in taking such legal action, as well as for the liquidated damages assessed under Part III-C-2 hereof, and such other IESI as may be available to the Fund under the Employee Retirement Income Security Act and other applicable law."

13.   Effective August 31, 2015, IESI terminated its obligation to contribute to the Pension Fund.  This termination constituted a partial withdrawal under ERISA Section 4205, 29 U.S.C. §1385.  IESI was assessed employer withdrawal liability as required by ERISA and paid the employer withdrawal liability in full on July 7, 2016.

14.   The collective bargaining agreements signed by IESI entitle the Pension Fund to have a certified public accountancy firm audit IESI's payroll and other records to verify the accuracy of contributions to the Pension Fund, verify employee eligibility, and for other purposes necessary for administration of the Pension Fund.  IESI is also required to provide the Pension Fund with any and all truthful information necessary for administration of the Pension Fund.

15.     In 2016 a payroll audit of IESI was conducted by an independent certified public accountant, Salter & Company, LLC at the request of the Pension Fund.  The audit covered the period of January 2011 through December 2013.  The audit found that IESI had failed to report all hours for which it paid its employees for vacation time during the relevant audit period.  IESI had submitted inaccurate contribution reports to the Pension Fund and the omission resulted in contribution underpayments to the Pension Fund.

16.     The Pension Fund sent a letter to IESI informing them of the findings on April 20, 2016 and demanding payment for the unpaid contributions due according to the audit findings as well as interest at the Pension Fund's standard rate of 1.5% per month compounded.

17.     On August 12, 2016, counsel for IESI, Joseph Cartafalsa, sent a letter to the Pension Fund disputing the audit findings on two grounds: first, that all vacation hours that exceed an existing payment of a forty hour work week should be removed from the audit findings, and second that the unused vacation hours that IESI paid out to employees in December were incorrectly included in the audit findings and should be removed.

18.     After reviewing the letter, the Pension Fund granted part of IESI's request and determined that IESI's audit findings should be recalculated to remove the unused vacation hours that were paid out to employees in December.  The Pension Fund denied IESI's request to remove all vacation hours that exceed an existing payment of a forty hour work week because it is clear from the Pension Fund's documents, as signed

and agreed to by IESI, that each day paid for, including days of paid vacation, shall be counted as days for which contributions are payable.

19.     On November 15, 2016, the Pension Fund sent a letter to IESI's counsel Joseph Cartafalsa informing him that his request had been partially granted and the audit findings recalculated accordingly.  Enclosed with the letter were the revised audit findings.  The revised audit findings determined that IESI owed $40,889.46 in contributions for the three units covered by the collective bargaining agreement during the relevant audit period.  The audit findings determined that IESI owed an additional sum of $19,537.35 in interest owed at the Pension Fund's standard rate of 1.5% per month compounded.  The Pension Fund's letter demanded that IESI pay the delinquent contributions and interest due immediately.  Payment was not received by IESI and no correspondence from IESI or Joseph Cartafalsa was received by the Pension Fund.

20.     The Pension Fund sent a follow up letter to Joseph Cartafalsa and IESI on April 7, 2017 notifying them that interest was continuing to accrue at the rate of 1.5% compounded monthly starting from the date of the audit until the date the contributions were paid to the Pension Fund.  No response to this letter was received and IESI did not pay the delinquent contributions.

21.      The Pension Fund sent a final notice to Joseph Cartafalsa and IESI on June 15, 2017 with the amounts owed, including the interest that had accrued.  The Pension Fund demanded payment within fourteen days. No response to this letter was received and IESI did not pay the delinquent contributions.  The Pension Fund referred this matter to Fund Counsel for legal action to recover the delinquent amounts.

22.     On June 20, 2018, my firm, as Fund Counsel to the Pension Fund, sent a final warning letter to Joseph Cartafalsa, IESI, and Waste Connections regarding the audit delinquency and related interest.  The letter detailed the amounts owed including the accrued interest.  The letter demanded payment by July 2, 2018.

23.     On June 26, 2018, Colleen Corday spoke with Joseph Cartafalsa on the phone regarding the audit delinquency.  During the phone call Joseph Cartafalsa requested more time to resolve the matter without the need for litigation.  Colleen Corday agreed to wait on filing a lawsuit and to continue negotiating with Joseph Cartafalsa to try to informally resolve the matter. Between June 2018 and June 2019, Colleen Corday and Joseph Cartafalsa continued to discuss the matter by email correspondence and by phone.  Joseph Cartafalsa continually requested the Pension Fund not file a lawsuit against IESI and Waste Connections, and assured us that the issue would be resolved without the need for litigation.  My firm was lulled into not filing an action against IESI based on the promises and representations made by Joseph Cartafalsa both by phone and by email. The Pension Fund justifiably relied on the assurances made by Joseph Cartafalsa and hoped that this could be resolved without wasting the Court's resources and the Fund's resources by incurring the costs of litigation.

24.     As of August 11, 2019, neither IESI or Waste Connections have paid the audit delinquency or interest.  The amount of delinquent contributions due for the period of January 2011 through December 2013 is **$40,889.46**.

25.     In addition to the contributions due, IESI is required by the Pension Fund's

Trust Agreement, as accepted by IESI in the collective bargaining agreements, to pay interest on past due contributions at the rate of 1.5% per month, compounded monthly, from the date due to the date paid.  At all relevant times IESI was aware of the interest accruing on the delinquent contributions. As of July 1, 2019, IESI owes the Pension Fund **$103,638.94** in accrued interest charges on contributions past due.  Interest is continuing to accrue on the unpaid amounts at the rate of 1.5% per month compounded.

26.     By failing to correctly report employees' hours on the contribution reports submitted to the Pension Fund, pay the contributions owed to the Pension Fund when due, and pay the accrued interest charges, IESI has violated the collective bargaining agreements, the terms of the Pension Fund including its Trust Agreements, and ERISA Section 515.

27.     IESI will continue to accrue interest charges while the contributions remain unpaid.  Based on IESI's conduct, it is reasonable to assume that IESI will continue to refuse to pay the contributions and accrued interest charges until ordered to do so by the Court.

28.     The Pension Fund has made repeated attempts to persuade IESI to satisfy its debt without need for litigation.  These efforts have been unsuccessful.

29.     Pursuant to the collective bargaining agreements, the Pension Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Pension Fund is entitled to recover from IESI the delinquent contributions, interest on the delinquent contributions at the rate of one and one-half percent (1 ½%) per month, liquidated damages (equal to the greater of the

interest payable or 20% of the contributions), attorneys' fees, and all other costs of collection.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment be entered for them against Defendants IESI of New York Corporation and Waste Connections of New York, Inc., jointly and severally, as follows:

1. Judgment in favor of the LIUNA National (Industrial) Pension Fund in the amount of $40,889.46 for the delinquent contributions due between January 2011 and December 2013; and

2. Judgment in favor of the LIUNA National (Industrial) Pension Fund in the amount of $103,638.94 for interest as of July 1, 2019, at the Pension Fund's standard rate of 1.5% per month, compounded monthly; and

3. Judgment in the amount representing the doubling of the accrued interest mandated by ERISA Section 502(g)(2) (29 U.S.C. §1132(g)(2)), made applicable by ERISA Sections 4301(b), 515 (29 U.S.C. §§1451(b), 1145); and

4. Judgment in the amount of the interest that accrues during the litigation of this action, doubled in accordance with ERISA Section 502(g)(2) (29 U.S.C. §1132(g)(2)), made applicable by ERISA Sections 4301(b), 515 (29 U.S.C. §§1451(b), 1145); and

5. Judgment in favor of the LIUNA  National (Industrial) Pension Fund for post-judgment interest and the costs of this action;

6.      Such other and further relief as the Court deems just and proper.

Dated: August 11, 2019

Respectfully submitted,

/s/ James S. Ray
James S. Ray (DC Bar No. 265082)

/s/ Colleen Ray Corday
Colleen Ray Corday (DC Bar No. 1022853)

Law Offices of James S. Ray, PLLC
108 North Alfred Street, 3rd Floor
Alexandria, Virginia 22314
Tel.: 703-836-8111
Fax: 703-836-1888
E-Mail: jrayraylaw@aol.com
          cray@rayraylaw.com

Counsel for Plaintiff